Duffly, J.
(dissenting, with whom Lenk and Hines, JJ., join). The court today upholds three convictions of attempted unarmed burglary of a single dwelling on a single night, based on the defendant’s guilty pleas acknowledging his intent to commit unarmed burglary of the dwelling. It is conceivable that a person properly could be convicted of three attempts of unarmed burglary of the same dwelling in a single night, and the defendant here acknowledged in his plea that he intended to commit an unarmed burglary and undertook the acts separately alleged in the indictments: removing an outer screen, positioning a ladder, and smashing a glass door with a rock. As to the indictment alleging the overt act of “smashing] a glass sliding door in order to facilitate entry into the home,” I concur in the judgment of the court that the evidence supports a conviction of attempted unarmed burglary. In addition to acknowledging that he had smashed the glass door with a rock, intending to burglarize the dwelling, the defendant agreed with the prosecutor’s statement at the *649 plea colloquy that, before fleeing, he had been standing on the deck, at the rear door, and that he “had been trying to force the rear door.”
As to the other two acts which form the basis of the other two indictments, but were “not the final act in a necessary sequence,” Commonwealth v. McWilliams, 473 Mass. 606, 612 (2016), the evidence fails to show that each act was “so close to the commission of the crime that a reasonable jury could conclude that it was virtually certain that he would have” committed the substantive offense of unarmed burglary. Id. Therefore, I respectfully dissent.
The attempt statute, G. L. c. 274, § 6, was enacted in 1832. See St. 1832, c. 62. It criminally punishes “[w]hoever attempts to commit a crime by doing any act toward its commission, but fails in its perpetration, or is intercepted or prevented in its perpetration.” The analytical framework which heretofore has informed our understanding of the statutory crime of attempt was developed well over a century ago and has remained unaltered to this day. As we recently reiterated, “[t]here are two categories of attempt.” McWilliams, supra at 610. In the first category, a defendant has undertaken “the last act required to complete a crime, but for some unanticipated reason, his or her efforts are thwarted, whether by bad aim or a mistake in judgment.” Id. at 610-611. See Commonwealth v. Bell, 455 Mass. 408, 413 (2009), quoting Commonwealth v. Peaslee, 177 Mass. 267, 271 (1901)[1] Ascertaining “criminal liability for this sort of failed attempt is uncomplicated and noncontroversial.” Bell, supra at 424 (Gants, J., dissenting in part). In the second category, which we have described as “more complicated,” McWilliams, supra at 611, a defendant has been interrupted in the “preparatory mode,” before having undertaken the last act necessary to commit the offense. See id.; Bell, supra.
An overt act, even when coupled with the intent to commit a crime, “commonly is not punishable if further acts are contemplated as needful.” Peaslee, supra at 272. Where, as here, a defendant has been interrupted before having undertaken the last necessary act, the focus of the inquiry is whether a defendant’s *650 “overt acts ..., although not the final act in a necessary sequence, were so close to the commission of the crime that a reasonable jury could conclude that it was virtually certain that he would have” committed the substantive offense. McWilliams, supra at 612. See Bell, supra at 413-414; Peaslee, supra. The distance between the overt act and the completion of the “crime must be ‘relatively short’ and ‘narrow,’ ” McWilliams, supra at 610, quoting Bell, supra at 415. How narrow depends on “the gravity of the crime, the uncertainty of the result, and the seriousness of harm that is likely to result.” McWilliams, supra at 611, citing Bell, supra at 414. See Commonwealth v. Kennedy, 170 Mass. 18, 22 (1897).[2] See also Commonwealth v. Gosselin, 365 Mass. 116, 121 (1974).
In this case, where each indictment alleged a nonviolent crime, not directed against a person, perpetrated by an unarmed individual, the degree of proximity between the overt act and completion of the crime must be quite narrow. Contrast McWilliams, supra at 611-612. In the circumstances here, a defendant’s conduct at the point when he or she was interrupted must have brought the defendant so close to perpetration of the offense as to render it “virtually certain” that, but for the interruption, the defendant would have committed the substantive crime. See id. at 612. To determine whether a defendant properly may be convicted of attempt requires that we examine any acts remaining in the sequence, as well as “all conduct short of the last act as ‘preparation.’ ” See Bell, supra at 428 (Gants, J., dissenting in part), quoting Peaslee, supra at 272.[3]
Here, the indictments alleged that the defendant “did smash a glass sliding door,” “did remove an outer screen,” and “did position a ladder in order to facilitate entry into the home.” To find the *651 defendant guilty of three separate crimes of attempt, each act must be considered independently, without the context provided by the other acts alleged.
Considering first the conviction based on the defendant’s admissions that he removed an outer screen from a first-floor window and that he intended to commit a burglary, nothing in the indictment or in the plea colloquy indicates that the absence of the screen alone would have enabled the defendant to enter the dwelling without undertaking several additional steps. If the window were located anywhere above the basement level (the record does not indicate the location or size of the window), entry might have required locating the means, such as a box, to reach the window to achieve entry; the defendant then would have had to climb or stand on that object; if the window were locked, the defendant would have had to break or pick the lock, or break the window, having first obtained an implement with which to do so, before attempting entry into the dwelling. On this record, given the steps that remained before the defendant could have completed the substantive offense, I cannot agree that the act of merely removing an outer screen was “so close to the commission of the crime that a reasonable jury could conclude it was virtually certain that he would have” burglarized the house. McWilliams, supra at 612.
The conviction based on the defendant’s admission to placing a ladder against the house raises similar concerns. The defendant agreed only that he moved a ladder “in order to facilitate entry” into the dwelling.[4] Based on the facts in the record, even if the ladder had been placed directly under a second-floor window, and had been long enough to reach the window (neither fact being established in the record and, given the actions with the rock, the *652 contrary apparently being the case), the defendant still would have had to climb the ladder in order to reach the window and thereafter find a way to break either the lock or the window in order to enter the house. In the context of the established facts, these are acts of preparation that involve arranging the means necessary in order to be able to commit a burglary, not sufficient overt acts to permit a reasonable fact finder to conclude that it was “virtually certain” that he would have committed the burglary with each discrete act.
The court concludes that each act came near enough “to the accomplishment of the crime of burglary” to be punishable, ante at 645, without explaining how it arrives at this conclusion. In light of the scant facts in the record and the gaps discussed above, the court must be inferring from the defendant’s guilty pleas the existence of the additional facts that would be required to show that he came sufficiently close to committing burglary to support three convictions of attempt. Such an inference, however, is improper; “an admission to a crime generally will not function in itself as an admission to all of the elements of that crime.” Commonwealth v. Sherman, 451 Mass. 332, 337 (2008). See id. at 336-338 (discussing dismissal of guilty plea where defendant claimed his agreement to facts recited by prosecutor did not satisfy elements of crime). Accordingly, I respectfully dissent.

The “last act” required to be undertaken by a defendant refers to the act “which sets in motion natural forces that would bring [the substantive crime] about in the expected course of events” or to “an act which is intended to bring about the substantive crime and would bring it about but for a mistake.” See Commonwealth v. Peaslee, 177 Mass. 267, 271 (1901).

As stated by Chief Justice Holmes in Commonwealth v. Kennedy, 170 Mass. 18, 22 (1897), “the gravity of the crime, the uncertainty of the result, and the seriousness of the apprehension, coupled with the great harm likely to result from poison even if not enough to kill, would warrant a holding of liability for an attempt to begin at a point more remote from the possibility of accomplishing what is expected than might be the case with lighter crimes.”

Examining all relevant prior acts undertaken by a defendant that culminate in the overt act is also necessary to determine whether the defendant harbored the intent necessary to commit the substantive offense. See Commonwealth v. McWilliams, 473 Mass. 606, 611-612 (2016). Here, on the basis of each separately indicted act, it is not possible to determine whether the defendant intended to commit a burglary, but because he admitted that he harbored the necessary intent, this requirement needs no further consideration.

This language appears in the indictment. The grand jury heard testimony from a police officer that “a ladder that [the homeowner] kept at the side of the house had been moved to the deck and was partially propped up against the house.” At the plea colloquy, the defendant agreed to the prosecutor’s statement that a “ladder that had been [lying] flat behind the house had been moved to provide access to a second-story window by some unknown party.” The prosecutor’s account, to which the defendant agreed, certainly establishes that the defendant moved the ladder with the intention to use it to enter the home, but it does not establish as a factual matter how close the defendant came to breaking into the house with the use of the ladder. It is possible that the defendant found the ladder to be too heavy to use, or too short to reach the window, and so he left it “partially propped” horizontally against the house. The record contains no other facts concerning the ladder.